D. MAX GARDNER, ESQ. (CSB No. 132489)
930 Truxtun Ave., Suite 203
Bakersfield, CA 93301
661-864-7373 tel.
661-591-7366 fax
dmgardner@dmaxlaw.com

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No.: 2022-12016 |
| FUTURE VALUE CONSTRUCTION, INC.. | Chapter 11 |
| DEBTOR. | DMG-1 |

### MOTION TO EMPLOY DEBTOR'S ATTORNEY

TO THE HONORABLE JENNIFER E. NIEMANN, United States Bankruptcy Judge

Debtor, FUTURE VALUE CONSTRUCTION, INC. ("Debtor") represents as follows:

1.    Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on November 28, 2022.

2.    Debtor wishes to employ D. Max Gardner, ("Gardner") 930 Truxtun Ave., Suite 203, Bakersfield, CA as its attorney of record during the bankruptcy proceeding herein.

3.    Gardner's role and responsibility as attorney for the Debtor will be:

a. to advise and consult with Debtor during the administration of the estate concerning the rights, responsibilities and remedies of the Debtor with regard to the assets of the estate and the claims of secured and unsecured creditors;

b. to assist in preparing such pleadings, motions, notices, and orders as are required for the orderly administration of this Chapter 11 case. These duties will include seeking the

MOTION TO EMPLOY DEBTOR'S ATTORNEY

1

employment of professionals, filing status reports with the Court, attending the initial Debtor's interview and meeting(s) of creditors conducted by the Office of the United States Trustee, filing, but not preparing, monthly operating reports, analyzing and/or objecting to claims if applicable, seeking the recovery of avoidable transfers where necessary, attending scheduled hearings in Court as counsel to the Debtor, filing disclosure statements and plans of reorganization, and/or seeking the dismissal, conversion, and/or a final decree as may be necessary to conclude the case.

4. The scope of Gardner's representation shall be as general bankruptcy counsel to the Debtor. Gardner shall not perform any of the following:

a. Accounting services. Gardner will not audit Debtor's financial information, render tax advice, prepare tax filings or prepare the monthly reports of operation.

b. Financial and business advice. Gardner will not render financial advice as to the Debtor's business operation nor provide advice specific to the nature of Debtor's business.

c. Third party advice. Gardner will not provide legal advice to any of the Debtor's insiders such as officers, directors, shareholders and/or members.

d. Non-bankruptcy litigation. Gardner will not act as attorney to the Debtor in any litigation occurring outside of this Chapter 11 case.

5. Debtor selected Gardner for the following reasons:

a. Gardner is familiar with bankruptcy practice and debtor-creditor law;

b. Gardner is experienced in representing debtors in proceedings filed under Chapter 11 of the United States Bankruptcy Code; and

c. Debtor believes that Gardner is qualified to act as its attorney of record.

d. Gardner has no interest adverse to Debtor or Debtor's estate in any of the matters upon which he is to be engaged, and Debtor believes that the employment of Gardner will be in the best interest of the estate.

6. Based upon the Declaration of D. Max Gardner filed concurrently with the application, Debtor believes that Gardner does not hold or represent an interest adverse to that of

the Debtor or the estate of Debtor. Debtor believes that Gardner is a disinterested person within the meaning of 11 U.S.C. Section 101(14) and has no connection with Debtor, its creditors, parties in interest, their attorneys and/or accountants, the United States Trustee, or any person employed by the Office of the United States Trustee, or any person employed by the Office of the United States Trustee except as may be set forth in the Declaration of D. Max Gardner filed concurrently with this application.

7. Compensation paid to Gardner will be based on his normal and usual hourly billing rate as described below plus reimbursement for costs incurred by him. Any compensation paid to Gardner will be paid after application and approval by the Court. Debtor is informed that the normal billing rates for persons who will provide legal services to Debtor are:

| | |
|---|---|
| D. Max Gardner | $325. 00 per hour |
| Legal Assistants | $ 75.00 per hour |

Gardner will seek interim compensation during the course of this case as permitted by 11 U.S.C. Section 331 if substantial fees are incurred.

8. Debtor paid a pre-petition retainer in the sum of $16,710 to Gardner on November 21, 2022. Of this retainer, the sum of $1,738 was utilized to pay the Chapter 11 filing fee. $3,087.50 was paid for pre-petition services. The balance of 11,884.50 has been deposited into Gardner's client trust account and shall be utilized for the payment of interim fees consistent with and as authorized by applicable bankruptcy law and local rules of court. Gardner claims a possessory security interest in the fees held in trust. Gardner will not assist Debtor in rendering a proposed plan of reorganization feasible by waiving Gardner's right to payment in full ahead of Debtor's other unsecured creditors or administrative claimants. The payment of further fees beyond the initial retainer shall be paid as an administrative consistent with applicable bankruptcy law and local rules of court.

MOTION TO EMPLOY DEBTOR'S ATTORNEY

WHEREFORE, Debtor requests that it be authorized to employ Gardner as its attorney of record to render service in the areas described above with compensation to be paid as an administrative expense in such amounts as the Court may hereinafter determine and allow.

Dated: December 6, 2022                    FUTURE VALUE CONSTRUCTION, INC.

By _____
        Chuck R. Thomason, President

MOTION TO EMPLOY DEBTOR'S ATTORNEY

4