1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**D. MAX GARDNER, ESQ. (CSB No. 132489)**
**930 Truxtun Ave., Suite 203**
**Bakersfield, CA 93301**
**661-864-7373 tel.**
**661-591-7366 fax**
**dmgardner@dmaxlaw.com**

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

IN RE:

FUTURE VALUE CONSTRUCTION INC.

      Debtor and Debtor-in-possession.

Bankruptcy Case No.: 2022-12016

Chapter 11

DMG-1

## <u>DECLARATION OF D. MAX GARDNER IN SUPPORT OF</u>
## <u>MOTION TO EMPLOY DEBTOR'S ATTORNEY</u>

I, D. Max Gardner declare as follows:

1. I am a resident of Kern County California. I make this declaration based upon my own personal knowledge and could competently testify to the matters contained herein if called upon to do so. I am the proposed attorney for the debtor and debtor in possession, Future Value Construction, Inc. . ("Debtor").

2. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on November 28, 2022.

3. Debtor wishes to employ me as its attorney to act as bankruptcy counsel during the administration of this Chapter 11 case. I have practiced bankruptcy law since 1990 and have been

a certified specialist in bankruptcy by the State Bar of California Board of Legal Specialization since 1995. My current address is 930 Truxtun Ave., Suite 203  93301.

    4.    As set forth in the Motion to Employ Debtor's attorney, my roles and responsibilities as attorney for the Debtor will be:

    a. to advise and consult with Debtor during the administration of the estate concerning the rights, responsibilities and remedies of the Debtor with regard to the assets of the estate and the claims of secured and unsecured creditors;

    b. to assist in preparing such pleadings, motions, notices, and orders as are required for the orderly administration of this Chapter 11 case. These duties will include seeking the employment of professionals, filing status reports with the Court, attending the initial Debtor's interview and meeting(s) of creditors conducted by the Office of the United States Trustee, filing, but not preparing, monthly operating reports, analyzing and/or objecting to claims if applicable, seeking the recovery of avoidable transfers where necessary, attending scheduled hearings in Court as counsel to the Debtor, filing disclosure statements and plans of reorganization, and/or seeking the dismissal, conversion, and/or a final decree as may be necessary to conclude the case.

    5.  The scope of my  representation shall be as general bankruptcy counsel to the Debtor. I shall not perform any of the following:

    a.  Accounting services.  I will not audit Debtor's financial information, render tax advice, prepare tax filings or prepare the monthly reports of operation.

    b. Financial and business advice. I will not render financial advice as to the Debtor's business operation nor provide advice specific to the nature of Debtor's business.

c. Third party advice. I will not provide legal advice to any of the Debtor's insiders such as officers, directors, shareholders and/or members.

d. Non-bankruptcy litigation. I will not act as attorney to the Debtor in any litigation occurring outside of this Chapter 11 case.

6. I believe that I am a disinterested person within the meaning of 11 U.S.C. Section 101(14). I disclose the following connections with Debtor, its creditors, parties in interest, their attorneys and/or accountants, the United States Trustee, or any person employed by the Office of the United States Trustee, or any person employed by the Office of the United States Trustee as follows:

a. I represented the Debtor's principal, Chuck R. Thomason, in a Chapter 11 case entitled CRT Land Company. This case was on February 13, 2007. The case was dismissed on March, 15, 2007. CRT Land Co. filed a second Chapter 11 case on June 4, 2008 and I was counsel in that case as well. That case converted to Chapter 7.

b. I have attended social functions and/or have had cases involving numerous personnel employed by the Office of the U.S. Trustee including Greg Powell, Jorge Gaitan, Lisa Grootendorst, Joan Caskey, Robin Little, Cecilia Jiminez and Jason Blumberg.

c. I appear in Judge Niemann's court regularly.

7. It is contemplated that compensation paid to me will be based on my normal and usual hourly billing rate as described below plus reimbursement for costs incurred by my office. Any compensation paid to Gardner will be paid after application and approval by the Court. My normal billing rates for persons who will provide legal services to Debtor are:

D. Max Gardner            $325.00 per hour

Legal Assistants           $75.00 per hour

DECLARATION OF D. MAX GARDNER

3

I will seek interim compensation during the course of this case as permitted by 11 U.S.C. Section 331.

8. Debtor paid a pre-petition retainer in the sum of $16,710 to me on November 21, 2022. $1,738 was utilized for the filing fee and $2,087.50 was utilized for pre-petition work. The balance of $9,380 has been deposited into my client trust account and shall be utilized for the payment of interim fees consistent with and as authorized by applicable bankruptcy law and local rules of court. I claim a possessory security interest in the fees held in trust. I will not assist Debtor in rendering a proposed plan of reorganization feasible by waiving my right to payment in full ahead of Debtor's other unsecured creditors or administrative claimants. The payment of further fees beyond the initial retainer shall be paid as an administrative consistent with applicable bankruptcy law and local rules of court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 6, 2022, at Bakersfield, California.

D. Max Gardner

DECLARATION OF D. MAX GARDNER

4