D. MAX GARDNER, ESQ. (CSB No. 132489)
930 Truxtun Ave., Suite 203
Bakersfield, CA 93301
661-864-7373 tel.
661-591-7366 fax
dmgardner@dmaxlaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

IN RE:

FUTURE VALUE CONSTRUCTION INC.

Debtor and Debtor-in-possession.

Bankruptcy Case No.: 2022-12016

Chapter 11

MBR-2

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Date: March 1, 2023
Time: 9:30 a.m.
Place: Ctrm 11, 5th Fl.
       2500 Tulare St., Fresno, CA
Judge: Hon. Jennifer E. Niemann

TO THE HONORABLE JENNIFER E. NIEMANN, UNITED STATES BANKRUPTCY JUDGE:

Debtor opposes the motion for relief from stay and respectfully represents as follows:

1. Movant admits an equity cushion of $461,056. See, JCAP PRIVATE LENDING'S MOTION FOR ORDER GRANTING RELEIF FROM STAY UNDER 11 U.S.C. SECTION 362(d)(2) WITH RESPECT TO REAL PROPERTY LOCATED AT 262 E. MOUNTAIN DR., MONTECITO, CA, page 4, lines 4 through 10.

1

2. As set forth in the Accompanying declaration of Chuck R. Thomason, the property is being aggressively marketed.

3. Movant is adequately protected. For example, in the Ninth Circuit, the existence of an equity cushion alone constitutes adequate protection to a secured creditor when a debtor seeks to use cash collateral. In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984) (holding that a 20% equity cushion constitutes adequate protection as a matter of law). In re Kessler, 86 B.R. 134, 136 (Bankr. C.D. Ill. 1988) (holding that pursuant to Timbers, creditor was not entitled to adequate protection payments because there was no evidence that the property was depreciating in value). "A goal of the automatic stay provision of 11 U.S.C. 362(a) is 'to ensure orderly administration of the debtor's estate to protect the creditor's right to equality of distribution.'" In re Universal Life Church, 127 B.R. 453, 455 (E.D. Cal. 1991) (quoting Morgan Guar. Trust Co. v. American Sav. And Loan, 804 F.2d 1487, 1491 (9th Cir. 1986)). Moreover, "the court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992); see e.g., Fjeldsted v. Lien (In re Fjeldsted), 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003) (including "weighing the extent of prejudice to creditors or third parties if the stay relief is not made retroactive"). Relief under § 362(d)(1) shall be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest."

4. The property is necessary for the Debtor's reorganization because it provides a means for the Debtor to reduce secured creditor claims. Elimination of the Movant's claim and reduction of the second trust deed holder's claim allows Debtor to address remaining claims, including those of the general unsecured creditors.

5. This case has not been in Bankruptcy for a long period of time. The meeting of creditors just concluded. Debtor is about to obtain permission to utilize cash collateral and has obtained commitment to receive additional funding in order to develop new lots in Bakersfield.

For the foregoing reasons, the motion for relief from stay should be denied.

Respectfully submitted,

Dated: February 15, 2023

_____
D. Max Gardner, Attorney for Debtor